IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GEORGE HENRY PENTZ,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CIVIL ACTION No. 2:18-CV-189-Z<br>(CRIMINAL ACTION NO. 2:17-CR-31) |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the Court is Petitioner George Henry Pentz's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (ECF No. 3), submitted to the prison mail system for filing on October 23, 2018. Additionally, Petitioner requested, and was granted, permission to file a memorandum of law in support of his Motion ("Memorandum") (ECF No. 9). *See* ECF Nos. 7–8. The Respondent filed a Response to both the Motion and the Memorandum. *See* ECF Nos. 10, 11. For the reasons set forth below, the Court **DENIES** the Motion.

**BACKGROUND**

Petitioner moves to set aside his sentence under 28 U.S.C. § 2255. In 2017, Petitioner pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* CR ECF No. 24.[1] Petitioner pleaded guilty to a lesser offense than originally charged, after the government filed a superseding information. *See* CR ECF No. 20. By his Motion, Petitioner alleges four grounds of constitutional error during his criminal proceedings. ECF No. 3 at 7–8.

---

[1] The Court will cite Petitioner's criminal case record, *United States v. Williams*, 2:16-CR-36-Z-BR, as "CR ECF No."

First, Petitioner alleges his guilty plea was unknowing and involuntary because he was "misinformed of both the nature of the charge and the actual consequences of his plea," in that he did not understand his sentence would be so high. *See* ECF No. 3 at 7. Second, Petitioner challenges his initial stop and subsequent search of his rental vehicle, alleging an illegal search and seizure under the Fourth Amendment. *Id.* Third, Petitioner asserts he received ineffective assistance of counsel because his lawyer failed investigate and research the facts of his case, keep informed of legal developments affecting the case, and make appropriate objections to the PSR's criminal-history calculations. *Id.* Fourth, Petitioner alleges his sentence is contrary to law and the guidelines because it was based on allegedly erroneous information in the PSR and wrongly calculated guidelines. *Id.* at 8. By his Memorandum, Petitioner uses headers to indicate grounds three and four as: "Reasonable Sentence Imposed?" and "PSI Corrections: await response." ECF No. 9 at 7. The new ground four could possibly relate to his original ground four, but he provides no explanation for his third ground about whether his sentence was reasonable. *Id.*

Petitioner was originally charged with possession with intent to distribute 500 grams or more of methamphetamine. CR ECF No. 6. As such, Petitioner faced a statutory penalty range of 10 years to life imprisonment. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii). Through plea negotiations, however, Petitioner was charged by superseding information to possession with intent to distribute methamphetamine (without an amount specified). CR ECF No. 20. This offense carries no mandatory minimum sentence and capped Petitioner's sentencing exposure at 20 years. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).

### LEGAL STANDARD

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized

by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a § 2255, a Petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

ANALYSIS

The Court will address each of Petitioner's four grounds for relief in turn.

1. **Petitioner's First Ground for Relief**

In his first ground for relief, Petitioner alleges his plea was unknowing and involuntary as a result of his failure to understand his sentencing exposure. This ground is procedurally barred and is also refuted by the record.

Petitioner never filed a direct appeal of his conviction and sentence. Petitioner had the opportunity to allege an involuntary plea on direct appeal. "It is hornbook law that a Section 2255 motion is not a substitute for appeal." *Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973). Petitioner must therefore demonstrate "both (1) 'cause' excusing ... procedural default, and (2) 'actual prejudice' resulting" from the purported error." *United States v. Frady*, 456 U.S. 152, 168 (1982). Petitioner does not articulate good cause for his failure to raise this issue on direct appeal, and has wholly failed to show actual prejudice.

Whether a guilty plea is knowing looks to whether the defendant understands the direct consequences of his plea including the maximum possible penalty, while voluntariness looks to whether the plea was induced by threats, misrepresentation, unfulfilled promises, or improper promises. *United States v. Hernandez*, 234 F.3d 252, 255 & n.3 (5th Cir. 2000) (28 U.S.C. § 2255

case); *see also* FED. R. CRIM. P. 11(b)(2) (voluntariness inquiry). Regarding sentencing consequences, the defendant must know only his "maximum prison term and fine for the offense charged." *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) (internal marks and citation omitted). In making this determination, this court bears in mind that "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal marks and citation omitted). A defendant ordinarily may not refute testimony given under oath at a plea hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (28 U.S.C. § 2255 case).

Under oath, Petitioner told the Court that he understood the nature of the charge in the superseding information and that he wished to plead guilty. CR ECF No. 40 at 6–8. He also acknowledged that he understood his plea agreement. *Id.* at 11. The Court explained the maximum possible sentence (20 years), and Petitioner affirmed his understanding that the Court could sentence him to this amount. *Id.* at 14. Petitioner told the Court that no sentencing promises had been made and that no one could predict in advance what his sentence would be. *Id.* at 17. Petitioner also admitted that the factual resume was true and correct. *Id.* at 21.

Petitioner had full knowledge of the maximum possible penalty for his offense (20 years) prior to his guilty plea. Petitioner also gave sworn testimony that he was not promised a specific sentence or threatened to plead guilty. Petitioner cannot rebut the strong presumption that these statements were true and that his plea was unknowing or involuntary and he therefore cannot establish actual prejudice to overcome his procedural default. The Court **DENIES** Petitioner's first ground for relief.

**2. Petitioner's Second Ground for Relief**

In his second ground for relief, Petitioner challenges the initial search and seizure of his vehicle that resulted in the discovery of the narcotics. This ground is procedurally barred. Once again, Petitioner should have raised this issue on direct appeal and failed to do so. A knowing and voluntary guilty plea waives all non-jurisdictional defects in the proceedings. *United States v. Easton*, 937 F.2d

4

160, 161 (5th Cir. 1989). Specifically, objections to searches and seizures are waived by a guilty plea. *See United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002). Petitioner also waived his right to raise these challenges by his plea agreement, and such waiver is enforceable. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2012). Additionally, Petitioner fails to articulate either cause for the procedural default or actual prejudice by asserting a valid cause for suppression in light of the abundant information contained in the PSR concerning probable cause for the search. The Court **DENIES** Petitioner's second ground for relief.

### 3. Petitioner's Third Ground for Relief

Petitioner argues he received ineffective assistance of counsel at sentencing through counsel's failure to object to the PSR calculations, failure to investigate his case, and failure to keep Petitioner informed of developments in the case. For an ineffective assistance of counsel claim to prevail, a petitioner must show: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The *Strickland* test requires that both elements must be met to prove ineffective assistance of counsel. *Id.* at 689–694. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). "[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Petitioner argues that counsel failed to make objections to a two-level enhancement, failed to object to his "vastly exaggerated" criminal history category, and failed to develop a defense strategy. These conclusory allegations do not establish deficient performance and prejudice. The Court **DENIES** Petitioner's third ground for relief.

### 4. Petitioner's Fourth Ground for Relief

In his fourth and final ground for relief, Petitioner argues erroneous information in the PSR led to an improper guideline calculation. This claim is not cognizable. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplications of the sentencing guidelines are not cognizable in a Section 2255 action). Further, Petitioner's allegations are factually incorrect. The PSR properly included all relevant conduct in calculating the sentencing guidelines. The Court **DENIES** Petitioner's fourth ground for relief.

### CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion. *See* ECF No. 3.

**SO ORDERED.**

February 15, 2022.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE